Keith A. Fink, Bar No. 146841
Sarah E. Hernandez, Bar No. 206305
FINK & STEINBERG
Attorneys at Law
11500 Olympic Boulevard, Suite 316
Los Angeles, California 90064
Telephone: (310) 268-0780
Facsimile: (310) 268-0790

Attorneys for Defendants
HISPANIC SCHOLARSHIP FUND and
FIDEL VARGAS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| AIRIES DAVIS, <br><br> Plaintiff, <br><br> vs. <br><br> HISPANIC SCHOLARSHIP FUND; FIDEL VARGAS; and DOES 1 to 10, <br><br> Defendants. | CASE NO: <br><br> Los Angeles Superior Court Case No. BC525005 <br><br> **DEFENDANT HISPANIC SCHOLARSHIP FUND'S  NOTICE OF REMOVAL; DECLARATION OF SARAH E. HERNANDEZ; EXHIBITS** |

Defendant HISPANIC SCHOLARSHIP FUND'S NOTICE OF REMOVAL:

Pursuant to 28 U.S.C. §1441, Defendant HISPANIC SCHOLARSHIP FUND ("Defendant" and/or "HSF"), removes to this Court the State action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1441 and 1446.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff AIRIES DAVIS ("Plaintiff" and/or "Ms. Davis") and filed with the Clerk of the California Superior Court for the County

1

of Los Angeles, as an Exhibit to a Notice to State Court of Removal to Federal Court. (A copy of the Notice being filed in State court is attached hereto (without exhibits) as **Exhibit A**)

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.     On October, 17, 2013, Plaintiff filed an action against Defendants Hispanic Scholarship Fund and Fidel Vargas ("Mr. Vargas") alleging causes of action for (1) Retaliation -Government Code §12900-12996 ;( 2) Retaliation for Refusing to Participate in Conduct Violating Statute(s) or Regulation(s)Labor Code §§1102.5 & 1102.6; (3) Association Discrimination; (4) Failure to Investigate or Correct Harassment; (5) Wrongful Termination in Violation of Public Policies; and (6) Intentional Infliction of Emotional Distress.   (A true and correct copy of the Complaint is attached to the Declaration of Sarah E. Hernandez ("Decl. Hernandez") asExhibit B) Mr. Vargas was named as a defendant as to the Sixth Cause of Action only. (Exhibit B)

2.     Defendants HSF and Mr. Vargas were served with the Summons and Complaint. (Decl. Hernandez¶5)

3.     On or aobut December 11, 2013, Mr. Vargas filed and served a demurrer to the Sixth Cause of Action.   (Decl. Hernandez¶6)

4.     On or about April 9, 2014, the Superior Court sustained Mr. Vargas' demurrer to the Sixth Cause of Action with leave to amend. (Decl. Hernandez¶7)

5.     On or about May 1, 2013, the Superior Court dismissed Mr. Vargas from the case due to Plaintiff's failure to amend the Complaint pursuant to California Code of Civil Procedure §581(f)(2). (Exhibit C to Decl. Hernandez)

6.     On or about May 27, 2014, the Superior Court entered Judgment in favor of Mr. Varga against Plaintiff Airies Davis. (Exhibit D to Decl. Hernandez)

7.     The Los Angeles Superior Court for the County of Los Angeles - Central District is within the jurisdiction of the United States District Court for the Central District of California. 28 U.S.C. §84(d). The Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C.

1  § 1441(b)(3).

2                          NO JOINDER NECESSARY

3       8.     Because no other Defendants are named in the action, no consent to remove

4  is necessary.

5                       ALLEGATIONS OF THE COMPLAINT

6       9.     This action is based upon alleged acts of violations of the Fair Employment

7  and Housing Act (California Government Code §12900 et. seq.) and California Labor

8  Code §§1102.5 and 1102.6.

9       10.    Plaintiff alleges that she was terminated from her place of employment with

10  Defendant in that the termination of her violated these laws in addition to common law.

11      11.    Defendant Hispanic Scholarship Fund denies these allegations.

12                            BASIS FOR REMOVAL

13      12.    This action is within the original jurisdiction of this Court and removal is

14             therefore

15  proper under 28 U.S.C. §1441(a) which grants District Courts original jurisdiction over

16  actions where federal claims exist based upon citizenship and the amount in controversy.

17      13.    Plaintiff Airies Davis is resident of the County of Los Angeles, State of

18  California. (Exhibit B ¶4 to Hernandez Decl)

19      14.    HSF is incorporated in the District of Colombia.  (Decl. Hernandez ¶10)

20      15.    Because there is a diversity on the basis of citizenship between the parties,

21  removal is proper.

22      16.    The amount in controversy also  appears to be in excess of the jurisdiction

23  of  the United States District Court.  Plaintiff seeks damages, punitive damages,

24  attorneys fees and other damages. (Exhibit B to Hernandez Decl.)

25      17.    Punitive damages are considered part of the amount in controversy.  See

26  Sanchez v. Wal-Mart Stores, Inc. No. S-06-cv-2573 DFL KJM, 2007 U.S. Dist. LEXIS

27  22746, at *5-6 (E.D. Cal. May 8, 2007).  Defendant claims that no damages at all,

28  including punitive damages should or will be awarded, but for purposes of the amount in

1  controversy requirement, claimed punitive damages should be considered.

2       18.     Attorneys' fees, likewise should be included in the amount in controversy

3  requirement.  See, <u>Mo. State Life Ins. Co. v. Jones</u>, 290 U.S. 199, 202 (1933); <u>Kroske v.</u>

4  <u>U.S. Bank Corp.</u>, 432 F.3d 976, 908 (9th Cir. 2005), amended by 2006 U.S. App. LEXIS

5  3376 (9th Cir. Feb. 13, 2006).

6                              <u>CONCLUSION</u>

7       19.     For all the reasons stated above, this action is within the original

8  jurisdiction of this Court and the action is removable pursuant to 28 U.S.C. §§1441 and

9  1446.

10      Wherefore, Defendant Hispanic Scholarship Fund gives notice that the above-

11  described action pending against it in the Superior Court for the County of Los Angeles

12  is removed to this Court.

13  DATED: June 11, 2014                    FINK & STEINBERG

14

15                               By:

16                                        Keith A. Fink
                                          Sarah E. Hernandez
17                                        Attorneys for Defendants
                                          HISPANIC SCHOLARSHIP FUND and
18                                        FIDEL VARGAS

19

20

21

22

23

24

25

26

27

28

DEFENDANT HSF'S NOTICE OF REMOVAL

## DECLARATION OF SARAH E. HERNANDEZ

I, Sarah E. Hernandez, declare as follows:

1.     I am an attorney at the law and a partner of Fink & Steinberg, counsel of record for Defendant HISPANIC SCHOLARSHIP FUND ("HSF") and former Defendant Fidel Vargas ("Mr. Vargas").

2.     I have personal knowledge of the facts stated in this Declaration and if called as a witness, I could and would competently testify thereto.

3.     Attached hereto as Exhibit A is a true and correct copy of the Notice to State Court of Removal to Federal Court filed on behalf ofDefendant Hispanic Scholarship Fund, Los Angeles Superior Court Case No. BC525005.

4.     Attached hereto as Exhibit B is a true and correct copy of the Complaint filed against Defendant Hispanic Scholarship Fund

5.     Defendants HSF and Mr. Vargas were served with the Summons and Complaint.

6.     On or about December 11, 2013, Mr. Vargas filed and served a demurrer to the Sixth Cause of Action.

7.     On or about April 9, 2014, the Superior Court sustained Mr. Vargas' demurrer to the Sixth Cause of Action with leave to amend.

8.     On or about May 1, 2014, the Superior Court dismissed Mr. Vargas from the case due to Plaintiff's failure to amend the Complaint pursuant to CaliforniaCode of Civil Procedure §581(f)(2). Attached hereto as Exhibit C is a true and correct copy of the Dismissal.

9.     On or about May 27, 2014, the Superior Court entered Judgment in favor of Mr. Varga against Plaintiff Airies Davis. Attached hereto asExhibit D is a true and correct copy of the Judgment. Upon receipt of the Judgment, Defendant HSF was now able to move to remove this case to this Court.

10.     HSF is incorporated in the District of Colombia.

I declare under penalty of perjury under the laws of the United States and the

1    State of California that the foregoing is true and correct.

2         Dated this 11th day of June  2014, at Los Angeles, California.

3    _____

4                                    Sarah Hernandez

DEFENDANT HSF'S NOTICE OF REMOVAL

# Exhibit A

1  Keith A. Fink, Bar No. 146841
   Sarah E. Hernandez, Bar No. 206305
2  FINK & STEINBERG
   Attorneys at Law
3  11500 Olympic Boulevard, Suite 316
   Los Angeles, California 90064
4  Telephone: (310) 268-0780
   Facsimile: (310) 268-0790
5
   Attorneys for Defendants
6  HISPANIC SCHOLARSHIP FUND and
   FIDEL VARGAS
7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

10  AIRIES DAVIS,                          )   CASE NO. BC525005
                                           )
11             Plaintiff,                  )   [Assigned for All Purposes to the Honorable
                                           )   Suzanne Bruguera, Dept. 71]
12  vs.                                    )
                                           )   **DEFENDANT HISPANIC SCHOLARSHIP**
13                                         )   **FUND'S NOTICE TO ADVERSE PARTY**
                                           )   **AND STATE COURT OF REMOVAL TO**
14                                         )   **FEDERAL COURT**
    HISPANIC SCHOLARSHIP FUND; FIDEL       )
15  VARGAS; and DOES 1 to 10,              )
                                           )
16             Defendants.                 )
                                           )
17                                         )
                                           )
18                                         )
                                           )
19                                         )
                                           )
20  _____       )

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22             PLEASE TAKE NOTICE that Defendants Hispanic Scholarship Fund filed with the United

23  States District Court for the Central District of California, a Notice of Removal of this action in its

24  entirety.  A copy of the Notice of Removal is attached hereto as **Exhibit A**.

25  //

26  //

27  //

28

                                           1

1   DATED: June 11, 2014

2

3

FINK & STEINBERG

By: _____

Keith A. Fink
Sarah E. Hernandez
Attorneys for Defendant
HISPANIC SCHOLARSHIP FUND and
FIDEL VARGAS

NOTICE TO STATE COURT OF REMOVAL

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 11500 W. Olympic Boulevard, Suite 316, Los Angeles, California, 90064.

On June 11, 2014, I served the document described as **DEFENDANT HISPANIC SCHOLARSHIP FUND'S NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL TO FEDERAL COURT** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

Geoffrey C. Lyon
David A. Perkiss
LYON LAW PC
400 Oceangate, Suite 450
Long Beach, CA 90802

[X]   BY MAIL

    [X]   As follows: I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]   BY FACSIMILE

Using fax number (310) 268-0790 I transmitted such document by facsimile machine, pursuant to California Rules of Court 2001 et seq. The facsimile machine complied with Rule 2003(3). The transmission was reported as complete. I caused the machine to print a transmission report of the transmission, a copy of which is attached to the declaration. I am employed in the County of Los Angeles, State of California.

[X]   (STATE)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   (FEDERAL)   I declare that I am employed in the office of a member of the bar of the court at whose direction the service was made.

Dated: June 11, 2014

Heather Silldorff

Exhibit B

1  GEOFFREY C. LYON (Bar No. 132747)
   *Email: lyonlaw@verizon.net*
2  DAVID A. PERKISS (Bar No. 287496)
   *Email: lyonlaw4@verizon.net*
3  **LYON LAW PC**
   400 Oceangate Ste. 450
4  Long Beach, CA 90802
   Tel: 562-590-6900; Fax: 562-590-6945
5
   Attorneys for Plaintiff,
6  AIRIES DAVIS

7

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA – COUNTY OF LOS ANGELES

9              CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE

10 AIRIES DAVIS,                          )   Case No.   **B C 5 2 5 0 0 5**
                                          )
11              Plaintiff,                )   **COMPLAINT FOR DAMAGES FOR**
                                          )   **RETALIATION, ASSOCIATION**
12 vs.                                    )   **DISCRIMINATION, AND**
                                          )   **WRONGFUL TERMINATION IN**
13 HISPANIC SCHOLARSHIP FUND; FIDEL       )   **EMPLOYMENT AND RELATED**
   VARGAS; and DOES 1 to 10,              )   **CLAIMS**
14                                        )
                Defendants.               )   Unlimited Jurisdiction
15                                        )   Jury Trial Demanded
                                          )
16                                        )   Judge: To be assigned
                                          )   Dept: To be assigned
17                                        )
                                          )   Complaint Filed:  N/A
18                                        )   Trial Date:  None Set
                                          )
19                                        )
                                          )
                                          )
20

21  *   *   *   *

22  *   *   *   *

23  *   *   *   *

24  *   *   *   *

25

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 17 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

-1-
COMPLAINT

1    COMES NOW Plaintiff AIRIES DAVIS ("Plaintiff") and for her causes of action against

2    Defendants HISPANIC SCHOLARSHIP FUND ("Employer"); FIDEL VARGAS; and DOES 1 to

3    10, alleges as follows:

## I.

## SUBJECT MATTER JURISDICTION

4

5    1.      This action is brought pursuant to the California Govt. Code sections 12940;

      12945.2; Civ. Code § 3294 and state tort law.

6

7    2.      Plaintiff has exhausted Plaintiff's administrative remedies with respect to the

     named defendant(s).  True and correct copies of Plaintiff's administrative complaint(s) to, and

8    Right-To-Sue Notice(s) from, the California Department of Fair Employment And Housing are

     attached hereto as Exhibit "1" and incorporated by this reference in this complaint as though set

9    forth in full.

10   3.      This Court has subject matter jurisdiction over the causes of action alleged in

11   this complaint.

## II.

12   ## PERSONAL JURISDICTION AND VENUE

13   4.      At all relevant times AIRIES DAVIS is and was an individual residing in the

14   County of Los Angeles, State of California.

15   5.      At all relevant times Defendant HISPANIC SCHOLARSHIP FUND

     ("Employer") is and was a corporation organized under the laws of the District of Columbia,

16   authorized to do and doing business and with its principal place of business in the County of Los

17   Angeles, State of California.

18   6.      At all relevant times Defendant FIDEL VARGAS ("CEO Vargas") is and

     was an individual residing in the County of Los Angeles, State of California.

19   7.      The true names and capacities of the Defendants named herein as DOES 1 to

20   10, inclusive, whether individual, proprietorship, partnership, corporate, associate, alter ego, or

     otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names

21   pursuant to California Code of Civil Procedure Section 474.  Plaintiff will amend this complaint to

22   show such true names and capacities when they have been determined.

23   8.      The violations of law described in this complaint have been committed within

     the County of Los Angeles, State of California.

24   9.      Pursuant to section 393 of the California Code of Civil Procedure, the County

25   of Los Angeles is a proper and legal venue for this case.

10.     The wrongful conduct of Employer set forth in the General Allegations and various Causes of Action proximately caused Plaintiff to suffer damages, injuries, loss and/or harm, including but not limited to physical, mental and emotional injuries and distress, pain and suffering, lost wages and benefits and health care expenses, and other general, special and statutory damages in amounts to be proven.

## III.
## GENERAL ALLEGATIONS

11.     Plaintiff Airies Davis ("Plaintiff") was employed by Defendant Hispanic Scholarship Fund ("Employer") from approximately September 9, 2013 through Plaintiff's termination on or about September 13, 2013. Plaintiff worked at Hispanic Scholarship Fund located at 1411 West 190th Street Ste. 325, Gardena, CA 90248. Plaintiff's job title was "Senior Vice President of Human Resources"/"Senior Vice President of Talent Transformation." Plaintiff worked under managers and supervisors including President and CEO Fidel Vargas ("CEO Vargas"), CFO Jesus "Fernando" Almodovar ("CFO Almodovar"), Chief Information and Marketing Officer Marcela Bailey ("CIO Bailey"), Chief Development Officer Jinny Quiñones, and Manager Carlos Chavoya ("Svsr. Chavoya"). At all relevant times Plaintiff performed her duties competently and satisfactorily. Prior to being hired, Plaintiff was sought out by Employer for her position. Plaintiff received verbal praise from her superiors, including CEO Vargas.

12.     On or about September 11, 2013, Svsr. Chavoya directed Plaintiff to terminate employee Jessica Renderos.  During her termination, Renderos told Plaintiff that her termination was unfair and that she believed she was being terminated because Svsr. Chavoya had been sexually harassing her, making derogatory comments to her about her gender, female, and physical appearance in relation to her gender, and was therefore seeking legal counsel.  Plaintiff reported the details of her conversation with Renderos to CFO Almodovar, particularly Renderos' concerns about being illegally terminated and targeted with sexual harassment.  Renderos also reported her concerns to CFO Almodovar.  Plaintiff advised CFO Almodovar that because there were multiple complaints about Svsr. Chavoya's sexual harassment, he should investigate Svsr. Chavoya.

13.     On or about September 11, 2013, Program Coordinator Gabriela De La Cruz approached Plaintiff and CEO Vargas to voice complaints about Svsr. Chavoya targeting herself and female employees with sexual harassment.  De La Cruz told Plaintiff that she believed Jessica Renderos's termination was unfair and that Svsr. Chavoya had also been making derogatory comments to De La Cruz and other female employees about their gender, female, and physical

appearance in relation to her gender. De La Cruz also complained that Svsr. Chavoya had been speaking negatively to other employees about De La Cruz wanting to take medical leave.

14.     On or about September 11, 2013, Svsr. Chavoya told Plaintiff that he wanted Plaintiff to terminate De La Cruz ostensibly for failing to perform her duties.  Plaintiff asked for documentary evidence of De La Cruz's failure to perform her duties.  Svsr. Chavoya refused to produce documents.

15.     On or about September 11, 2013, De La Cruz expressed to Plaintiff her fears of retaliation and wrongful termination for complaining about Svsr. Chavoya's sexual harassment. De La Cruz also expressed concerns that her employment status was misclassified.  De La Cruz also asked Plaintiff questions about Employer's medical leave policies.

16.     On or about September 12, 2013, Plaintiff arranged a "catch-up" meeting with CEO Vargas and CFO Almodovar to address employees' concerns about the sexual harassment, pregnancy discrimination, employee misclassification, and concerns about her own misclassification.  Additionally, Plaintiff voiced her good faith belief Employer was violating the Labor Code and FEHA. In response, CEO Vargas turned bright red, shoved his chair away from the table, crossed his arms, stood up positioning himself over Plaintiff, and yelled at the top of his lungs in words or substance, "How dare you raise concerns about how we pay our employees!" Plaintiff told CEO Vargas in words or substance, "You're making me feel uncomfortable now."  CEO Vargas continued to yell in words or substance, "I don't care, I don't care!" while Plaintiff attempted to explain her concerns. CEO Vargas further yelled in words or substance, "I'm just floored that you would bring this to my attention!  I'm the one who came to you [to hire you]!  It's not your role or position for you to question how we pay our employees!" CEO Vargas then threatened in words or substance, "We need to just terminate your relationship altogether."

17.     On or about September 13, 2013, Plaintiff's employment was terminated. During the termination conversation, CFO Almadovar said three times that CEO Vargas said in words or substance that he "wasn't comfortable with Plaintiff being around."  CIO Marcela Bailey was present at the termination.

18.     Employer discriminated and retaliated against Plaintiff based upon Plaintiff's opposing violations of statutes and regulations and Plaintiff's association with others opposing violations of statutes and regulations, including but not limited to Gov't Code Part 2.8 (FEHA; Gov't Code 12900 et. seq.) and the Labor Code, and also retaliated against Plaintiff's opposition to sexual harassment and disability discrimination.  Employer's discriminatory adverse employment actions against Plaintiff included excessive and unfair criticism, removal of responsibilities, less

1   desirable schedule and pay, reduced opportunity for advancement, assignment to menial and

2   difficult tasks, failure and refusal to stop the harassment, denial of training and otherwise

    discriminating against Plaintiff in the terms and conditions and existence of Plaintiff's employment,

3   and finally on or about terminating, and thereafter refusing to reinstate, Plaintiff's employment.

4          19.     As the proximate result of Defendant's wrongful conduct, Plaintiff has and

5   will suffer past and future lost wages and benefits in an amount to be determined by the trier of fact,

    but estimated to be no less than $100,000.  As the proximate result of Defendant's wrongful

6   conduct, Plaintiff has and will suffer emotional distress damages in an amount to be determined in

7   the discretion of the trier of fact, but estimated to be no less than $200,000.

8                                    **III.**

                              **CAUSES OF ACTION**

9                          **FIRST CAUSE OF ACTION**

10   **RETALIATION FOR ATTEMPTING TO AND EXERCISING RIGHTS UNDER,**

11   **INCLUDING OPPOSING VIOLATIONS OF, GOV'T CODE PART 2.8 (FEHA; GOVT.**

                           **CODE §§ 12900-12996)**

12                         **Govt. Code § 12940(h)**

13                    **(By Plaintiff against Employer.)**

14          20.     Plaintiff realleges and incorporates in this cause of action all numbered

    paragraphs above that precede the title block for the "First Cause of Action."

15          21.     Employer retaliated against Plaintiff in the terms, conditions and existence of

16   Plaintiff's employment after Plaintiff attempted to exercise FEHA rights, including opposing

17   practices of Employer forbidden by FEHA, Govt. Code §§ 12900-12996, including but not limited

    to Govt. Code §§ 12940 (employment discrimination and retaliation), 12945.2 (family care and

18   medical leave); see Govt. Code 12920, 12926, 12946, 12948.  Employer's retaliation violated Govt.

19   Code § 12940, including subsection (h).

20          22.     Defendant's wrongful conduct proximately caused Plaintiff to suffer general,

    special and statutory damages in an amount to be proven.  Plaintiff has been required to hire

21   attorneys Geoffrey Lyon of Lyon Law, PC and is entitled to recover reasonable attorney fees.

22          23.     Pursuant to Civil Code § 3294, Employer's wrongful conduct was malicious,

23   oppressive, fraudulent, despicable and not to be tolerated by civilized society and was known,

    authorized, ratified and/or perpetrated by its managing agents, entitling Plaintiff to an award of

24   punitive and exemplary damages in an amount to be proven.

25

## SECOND CAUSE OF ACTION

## RETALIATION FOR REFUSING TO PARTICIPATE IN CONDUCT VIOLATING STATUTE(S) OR REGULATION(S)

### Labor Code §§ 1102.5 & 1102.6

**(By Plaintiff against Employer.)**

24.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

25.     Plaintiff refused to participate in Employer's activities that would result in a violation of, or noncompliance with, state or federal laws and/or regulations, including but not limited to Govt. Code § 12940, 12948, see 12926 (employment discrimination); Cal. Const. Art. I, § 8 (employment discrimination); Govt. Code § 12945.2 (family & medical leave); Labor Code sections 200 (benefits); 512 (meal periods); 510, 558, 1194 (overtime); 233 (sick pay); 227.3 (vacation pay); 201, 202, 203, 204 (waiting time).

26.     Employer subjected Plaintiff to adverse employment actions in retaliation for Plaintiff's protected activities, in violation of Labor Code §§ 1102.5 & 1102.6.

27.     The protected activity of Plaintiff was a motivating factor for the adverse employment decisions and actions by Employer.

28.     Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven, and $10,000 per violation under CC § 1102.5.  Plaintiff has been required to hire attorneys Geoffrey Lyon of Lyon Law, PC and is entitled to recover reasonable attorney fees.  Plaintiff is entitled to injunctive relief including reinstatement and back pay and promotion without discrimination or retaliation.

29.     Pursuant to Civil Code § 3294, Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable and not to be tolerated by civilized society and was known, authorized, ratified and/or perpetrated by its managing agents, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

## THIRD CAUSE OF ACTION

## ASSOCIATION DISCRIMINATION

### Govt. Code § 12940(a)

**(By Plaintiff against Employer.)**

30.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

31.     Plaintiff associated with and/or asserted the rights of employees other than

1  Plaintiff to be free from sex/gender, pregnancy, and disability discrimination, harassment and/or

2  retaliation.  Employer associated Plaintiff with other employees in those groups against whom

   Employer discriminated.

3         32.      As the proximate result of Employer's perception of Plaintiff' association

4  with those in the protected classes, Employer discriminated against Plaintiff in the terms, conditions

5  and existence of Plaintiff's employment in violation of Govt. Code § 12940, including subsection

   (a).

6         33.      Defendants' wrongful conduct proximately caused Plaintiff to suffer general,

7  special and statutory damages in an amount to be proven.  Plaintiff has been required to hire

8  attorneys Geoffrey Lyon of Lyon Law, PC and is entitled to recover reasonable attorney fees.

   Plaintiff is entitled to injunctive relief including reinstatement and back pay and promotion without

9  discrimination or retaliation.

10        34.      Pursuant to Civil Code § 3294, Defendants' wrongful conduct was malicious,

11  oppressive, fraudulent, despicable and not to be tolerated by civilized society and was known,

   authorized, ratified and/or perpetrated by Employer's managing agents, entitling Plaintiff to an

12  award of punitive and exemplary damages in an amount to be proven.

13                        **FOURTH CAUSE OF ACTION**

14        **FAILURE TO INVESTIGATE OR CORRECT HARASSMENT**

15                        **Govt. Code § 12940(j), (k)**

                         **(By Plaintiff against Employer.)**

16        35.      Plaintiff realleges and incorporates in this cause of action all numbered

17  paragraphs above that precede the title block for the "First Cause of Action."

18        36.      Employer failed to take all reasonable steps to prevent harassment from

   occurring, including but not limited to failing to timely and thoroughly investigate evidence of

19  harassment and discrimination and failing to take timely and appropriate corrective action.  This

20  violated Govt. Code § 12940, including subsections (j) and (k).

21        37.      Employer authorized, knew of, and/or ratified the harassment by the

   Individual Defendants because such misconduct was committed and/or witnessed by its managing

22  agents.  In addition, Plaintiff communicated to Employer's managing agents the existence of the

23  illegal misconduct and of Plaintiff's objections thereto.

24        38.      Employer's wrongful conduct proximately caused Plaintiff to suffer general,

   special and statutory damages in an amount to be proven.  Plaintiff has been required to hire

25  attorneys Geoffrey Lyon of Lyon Law, PC and is entitled to recover reasonable attorney's fees.

1   Plaintiff is entitled to injunctive relief including reinstatement, lost wages and benefits, and

2   promotion without discrimination or retaliation.

39.      Pursuant to Civil Code § 3294, Employer's wrongful conduct was malicious,

3   oppressive, fraudulent, despicable and not to be tolerated by civilized society and was known,

4   authorized, ratified and/or perpetrated by its managing agents, entitling Plaintiff to an award of

5   punitive and exemplary damages in an amount to be proven.

### FIFTH CAUSE OF ACTION

6

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICIES

7

### Common Law Tort

8

### (By Plaintiff against Employer.)

9      40.      Plaintiff realleges and incorporates in this cause of action all numbered

paragraphs above that precede the title block for the "First Cause of Action."

10     41.      Employer discharged Plaintiff in violation of important and well-established

11  public policies, set forth in various statutes and Constitutional provisions including but not limited

12  to Government Code § 12940, 12948, see 12926 (employment discrimination and retaliation); Cal.

Const. Art. I, § 8 (employment discrimination); Govt. Code §§ 12945, 12945.2 (pregnancy

13  disability, family & medical leave); Labor Code sections 200 (benefits); 512 (meal periods); 510,

14  558, 1194 (overtime); 233 (sick pay); 227.3 (vacation pay); 201, 202, 203, 204 (waiting time).

42.      Employer's wrongful conduct proximately caused Plaintiff to suffer general,

15  special and statutory damages in an amount to be proven.

16     43.      Pursuant to Civil Code § 3294, Employer's wrongful conduct was malicious,

17  oppressive, fraudulent, despicable and not to be tolerated by civilized society and was known,

authorized, ratified and/or perpetrated by its managing agents, entitling Plaintiff to an award of

18  punitive and exemplary damages in an amount to be proven.

19     ### SIXTH CAUSE OF ACTION

20     ### Intentional Infliction of Emotional Distress

### (By Plaintiff against Employer and Fidel Vargas.)

21     44.      Plaintiff realleges and incorporates in this cause of action all numbered

22  paragraphs above that precede the title block for the "First Cause of Action."

23     45.      Individual Defendants engaged in extreme and outrageous conduct against

Plaintiff, including but not limited to harassment and retaliating against Plaintiff in response to her

24  efforts to stop their outrageous, improper and illegal conduct.

25     46.      Individual Defendants intended to cause, or acted in reckless disregard of the

-8-

probability of causing, emotional distress to Plaintiff.

47.     The Individual Defendants were acting in part within the course and scope of their employment by Employer and were, at least in part, serving a purpose of their own in carrying out the misconduct against Plaintiff. The Individual Defendants were motivated, at least in part, by malice and ill will toward Plaintiff.

48.     Defendants' conduct proximately caused Plaintiff severe emotional suffering and distress, including but not limited to anxiety, depression, gastrointestinal upset, and other problems.

49.     Individual Defendants' wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven.

50.     Pursuant Civil Code § 3294 Defendants' wrongful conduct was malicious, oppressive, fraudulent, despicable and not to be tolerated by civilized society and was known, authorized, ratified and/or perpetrated by its managing agents, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief on Plaintiff's causes of action as more specifically set forth in the individual causes of action:

1.     For special compensatory damages, including lost wages estimated to be no less than $100,000;

2.     For general compensatory damages, including emotional distress estimated to be no less than $200,000;

3.     For statutory damages and penalties;

4.     For exemplary and punitive damages;

5.     For injunctive relief.

6.     For reasonable attorneys' fees;

7.     For costs of suit;

8.     For such other and further relief as the court deems just and proper.

DATED: October 14, 2013              LYON LAW PC

By: David A. Perkiss

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Attorneys for Plaintiff,
AIRIES DAVIS

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues in this action triable by a jury, including but not limited to issues of liability and damages.

DATED:  October 14, 2013                    LYON LAW PC

By:  David A. Perkiss
Attorneys for Plaintiff,
AIRIES DAVIS

EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.
                   DIRECTOR PHYLLIS W. CHENG

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I Videophone 916-226-5285 I TTY 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Oct 14, 2013

Airies Davis
400 Oceangate Ste 450
Long Beach, CA 90802

RE: **Notice of Case Closure and Right to Sue**
  DFEH Matter Number: 175630-73915
  Right to Sue: Davis / Hispanic Scholarship Fund,

Dear Airies Davis:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Oct 14, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc: Hispanic Scholarship Fund Fidel Vargas



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I Videophone 916-226-5285 I TTY 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR
DIRECTOR PHYLLIS W. CHENG

Oct 14, 2013

RE: **Notice of Filing of Discrimination Complaint**
DFEH Number: 175630-73915
Right to Sue: Davis / Hispanic Scholarship Fund

To All Respondent(s):

Enclosed is a copy of an complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA I Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH NUMBER
175630-73915

COMPLAINANT
Airles Davis

NAMED IS THE EMPLOYER, PERSON, AGENCY, ORGANIZATION OR GOVERNMENT ENTITY WHO DISCRIMINATED AGAINST ME

| RESPONDENT | ADDRESS | PHONE |
|---|---|---|
| Hispanic Scholarship Fund | 1411 WEST 190TH STREET STE 325  Gardena CA 90248 | |

| NO. OF EMPLOYEES | MOST RECENT DISCRIMINATION TOOK PLACE | TYPE OF EMPLOYER |
|---|---|---|
| 0 | Sep 13, 2013 | |

CO-RESPONDENT(S)                                                                              ADDRESS

Fidel Vargas                          1411 WEST 190TH STREET STE 325  Gardena  CA 90248

DATE FILED  Oct 14, 2013
MODIFIED    Oct 14, 2013

REVISED JULY 2013
PAGE 1/3



STATE OF CALIFORNIA | Department of Fair Employment and Housing                                                   EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH NUMBER
175630-73915

| | |
|---|---|
| I ALLEGE THAT I EXPERIENCED | Discrimination, Harassment, Retaliation |
| ON OR BEFORE | Sep 13, 2013 |
| BECAUSE OF MY | Association with a member of a protected class, Engagement in Protected Activity, Family Care or Medical Leave, Sex- Gender, Sex - Gender identity or Gender expression, Sex - Pregnancy |
| AS A RESULT, I WAS | Demoted, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied equal pay, Denied promotion, Denied reinstatement, Terminated |

## STATEMENT OF FACTS

Plaintiff Airies Davis ["Plaintiff"] was employed by Defendant Hispanic Scholarship Fund ["Employer"] from approximately September 9, 2013 through Plaintiff's termination on or about September 13, 2013. Plaintiff worked at Hispanic Scholarship Fund located at 1411 West 190th Street Ste. 325, Gardena, CA 90248. Plaintiff's job title was "Senior Vice President of Human Resources"/"Senior Vice President of Talent Transformation." Plaintiff worked under managers and supervisors including President and CEO Fidel Vargas ["CEO Vargas"], CFO Jesus "Fernando" Almodovar ["CFO Almodovar"], Chief Information and Marketing Officer Marcela Bailey ["CIO Bailey"], Chief Development Officer Jinny Quiñones, and Manager Carlos Chavoya ["Svsr. Chavoya"]. At all relevant times Plaintiff performed her duties competently and satisfactorily. Prior to being hired, Plaintiff was sought out by Employer for her position. Plaintiff received verbal praise from her superiors, including CEO Vargas. On or about September 11, 2013, Svsr. Chavoya directed Plaintiff to terminate employee Jessica Renderos. During her termination, Renderos told Plaintiff that her termination was unfair and that she believed she was being terminated because Svsr. Chavoya had been sexually harassing her, making derogatory comments to her about her gender, female, and physical appearance in relation to her gender, and was therefore seeking legal counsel. Plaintiff reported the details of her conversation with Renderos to CFO Almodovar, particularly Renderos' concerns about being illegally terminated and targeted with sexual harassment. Renderos also reported her concerns to CFO Almodovar. Plaintiff advised CFO Almodovar that because there were multiple complaints about Svsr. Chavoya's sexual harassment, he should investigate Svsr. Chavoya. On or about September 11, 2013, Program Coordinator Gabriela De La Cruz approached Plaintiff and CEO Vargas to voice complaints about Svsr. Chavoya targeting herself and female employees with sexual harassment. De La Cruz told Plaintiff that she believed Jessica Renderos's termination was unfair and that Svsr. Chavoya had also been making derogatory comments to De La Cruz and other female employees about their gender, female, and physical appearance in relation to her gender. De La Cruz also complained that Svsr. Chavoya had been speaking negatively to other employees about De La Cruz wanting to take medical leave. On or about September 11, 2013, Svsr. Chavoya told Plaintiff that he wanted Plaintiff to terminate De La Cruz ostensibly for failing to perform her duties. Plaintiff asked for documentary evidence of De La Cruz's failure to perform her duties. Svsr. Chavoya refused to produce documents. On or about September 11, 2013, De La Cruz expressed to Plaintiff her fears of retaliation and wrongful termination for complaining about Svsr. Chavoya's sexual harassment. De La Cruz also expressed concerns that her employment status was misclassified. De La Cruz also asked Plaintiff questions about Employer's medical leave policies. On or about September 12, 2013, Plaintiff arranged a "catch-up" meeting with CEO Vargas and CFO Almodovar to address employees' concerns about the sexual harassment, pregnancy discrimination, employee misclassification, and concerns about her own misclassification. Additionally, Plaintiff voiced her good faith belief Employer was violating the Labor Code and FEHA. In response, CEO Vargas turned bright red, shoved his chair away from the table, crossed his arms, stood up positioning himself over Plaintiff, and yelled at the top of his lungs in words or substance, "How dare you raise concerns about how we pay our employees!" Plaintiff told CEO Vargas in words or substance, "You're making me feel uncomfortable now." CEO Vargas continued to yell in words or substance, "I don't care, I don't care!" while Plaintiff attempted to explain her concerns. CEO Vargas further yelled in words or substance, "I'm just floored that you would bring this to my attention! I'm the one who came to you [to hire you]! It's not your role or position for you to question how we pay our employees!" CEO Vargas then threatened in

words or substance, "We need to just terminate your relationship altogether." On or about September 13, 2013, Plaintiff's employment was terminated. During the termination conversation, CFO Almadovar said three times that CEO Vargas said in words or substance that he "wasn't comfortable with Plaintiff being around." CIO Marcela Bailey was present at the termination. Employer discriminated and retaliated against Plaintiff based upon Plaintiff's opposing violations of statutes and regulations and Plaintiff's association with others opposing violations of statutes and regulations, including but not limited to Gov't Code Part 2.8 [FEHA, Gov't Code 12900 et. seq.] and the Labor Code, and also retaliated against Plaintiff's opposition to sexual harassment and disability discrimination. Employer's discriminatory adverse employment actions against Plaintiff included excessive and unfair criticism, removal of responsibilities, less desirable schedule and pay, reduced opportunity for advancement, assignment to menial and difficult tasks, failure and refusal to stop the harassment, denial of training and otherwise discriminating against Plaintiff in the terms and conditions and existence of Plaintiff's employment, and finally on or about terminating, and thereafter refusing to reinstate, Plaintiff's employment.

DATE FILED   Oct 14, 2013                                                                      REVISED JULY 2013
MODIFIED     Oct 14, 2013                                                                             PAGE 2/3



STATE OF CALIFORNIA | Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH NUMBER
175630-73915

**SIGNED UNDER PENALTY OF PERJURY**

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Verified by David A. Perkiss, Lyon Law PC, Attorney for Complainant, and dated on Oct 14, 2013 at Long Beach, CA.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR
DIRECTOR PHYLLIS W. CHENG

Oct 14, 2013

Lyon Law PC
400 Oceangate Ste 450
Long Beach, CA 90802

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 175630-73915
Right to Sue: Davis / Hispanic Scholarship Fund

Dear Attorney:

Attached is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your client's Notice of Case Closure and Right to Sue. Pursuant to **Government Code section 12962, DFEH will not serve these documents on the employer.**

Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the Department of Fair Employment and Housing does not review or edit this complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I Videophone 916-226-5285 I TTY 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Oct 14, 2013

RE: **Notice of Filing of Discrimination Complaint**
    DFEH Matter Number: 175630-73915
    Right to Sue: Davis / Hispanic Scholarship Fund

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by the DFEH and is being closed immmediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Department of Fair Employment and Housing      EMPLOYMENT RIGHT TO SUE

# COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
175630-73915

COMPLAINANT
Airies Davis

NAMED IS THE EMPLOYER, PERSON, AGENCY, ORGANIZATION OR GOVERNMENT ENTITY WHO DISCRIMINATED AGAINST ME

| RESPONDENT | ADDRESS | PHONE |
|---|---|---|
| Hispanic Scholarship Fund | 1411 WEST 190TH STREET STE 325  Gardena CA 90248 | |

| NO. OF EMPLOYEES | MOST RECENT DISCRIMINATION TOOK PLACE | TYPE OF EMPLOYER |
|---|---|---|
| 0 | Sep 13, 2013 | |

| CO-RESPONDENT(S) | | ADDRESS |
|---|---|---|
| Fidel Vargas | | 1411 WEST 190TH STREET STE 325  Gardena  CA 90248 |



STATE OF CALIFORNIA | Department of Fair Employment and Housing                                                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
175630-73915

| | |
|---|---|
| I ALLEGE THAT I EXPERIENCED | Discrimination, Harassment, Retaliation |
| ON OR BEFORE | Sep 13, 2013 |
| BECAUSE OF MY | Association with a member of a protected class, Engagement in Protected Activity, Family Care or Medical Leave, Sex- Gender, Sex - Gender identity or Gender expression, Sex - Pregnancy |
| AS A RESULT, I WAS | Demoted, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied equal pay, Denied promotion, Denied reinstatement, Terminated |

### STATEMENT OF FACTS

Plaintiff Airies Davis ["Plaintiff"] was employed by Defendant Hispanic Scholarship Fund ["Employer"] from approximately September 9, 2013 through Plaintiff's termination on or about September 13, 2013. Plaintiff worked at Hispanic Scholarship Fund located at 1411 West 190th Street Ste. 325, Gardena, CA 90248. Plaintiff's job title was "Senior Vice President of Human Resources"/"Senior Vice President of Talent Transformation." Plaintiff worked under managers and supervisors including President and CEO Fidel Vargas ["CEO Vargas"], CFO Jesus "Fernando" Almodovar ["CFO Almodovar"], Chief Information and Marketing Officer Marcela Bailey ["CIO Bailey"], Chief Development Officer Jinny Quiñones, and Manager Carlos Chavoya ["Svsr. Chavoya"]. At all relevant times Plaintiff performed her duties competently and satisfactorily. Prior to being hired, Plaintiff was sought out by Employer for her position. Plaintiff received verbal praise from her superiors, including CEO Vargas. On or about September 11, 2013, Svsr. Chavoya directed Plaintiff to terminate employee Jessica Renderos. During her termination, Renderos told Plaintiff that her termination was unfair and that she believed she was being terminated because Svsr. Chavoya had been sexually harassing her, making derogatory comments to her about her gender, female, and physical appearance in relation to her gender, and was therefore seeking legal counsel. Plaintiff reported the details of her conversation with Renderos to CFO Almodovar, particularly Renderos' concerns about being illegally terminated and targeted with sexual harassment. Renderos also reported her concerns to CFO Almodovar. Plaintiff advised CFO Almodovar that because there were multiple complaints about Svsr. Chavoya's sexual harassment, he should investigate Svsr. Chavoya. On or about September 11, 2013, Program Coordinator Gabriela De La Cruz approached Plaintiff and CEO Vargas to voice complaints about Svsr. Chavoya targeting herself and female employees with sexual harassment. De La Cruz told Plaintiff that she believed Jessica Renderos's termination was unfair and that Svsr. Chavoya had also been making derogatory comments to De La Cruz and other female employees about their gender, female, and physical appearance in relation to her gender. De La Cruz also complained that Svsr. Chavoya had been speaking negatively to other employees about De La Cruz wanting to take medical leave. On or about September 11, 2013, Svsr. Chavoya told Plaintiff that he wanted Plaintiff to terminate De La Cruz ostensibly for failing to perform her duties. Plaintiff asked for documentary evidence of De La Cruz's failure to perform her duties. Svsr. Chavoya refused to produce documents. On or about September 11, 2013, De La Cruz expressed to Plaintiff her fears of retaliation and wrongful termination for complaining about Svsr. Chavoya's sexual harassment. De La Cruz also expressed concerns that her employment status was misclassified. De La Cruz also asked Plaintiff questions about Employer's medical leave policies. On or about September 12, 2013, Plaintiff arranged a "catch-up" meeting with CEO Vargas and CFO Almodovar to address employees' concerns about the sexual harassment, pregnancy discrimination, employee misclassification, and concerns about her own misclassification. Additionally, Plaintiff voiced her good faith belief Employer was violating the Labor Code and FEHA. In response, CEO Vargas turned bright red, shoved his chair away from the table, crossed his arms, stood up positioning himself over Plaintiff, and yelled at the top of his lungs in words or substance, "How dare you raise concerns about how we pay our employees!" Plaintiff told CEO Vargas in words or substance, "You're making me feel uncomfortable now." CEO Vargas continued to yell in words or substance, "I don't care, I don't care!" while Plaintiff attempted to explain her concerns. CEO Vargas further yelled in words or substance, "I'm just floored that you would bring this to my attention! I'm the one who came to you [to hire you]! It's not your role or position for you to question how we pay our employees!" CEO Vargas then threatened in

words or substance, "We need to just terminate your relationship altogether." On or about September 13, 2013, Plaintiff's employment was terminated. During the termination conversation, CFO Almadovar said three times that CEO Vargas said in words or substance that he "wasn't comfortable with Plaintiff being around." CIO Marcela Bailey was present at the termination. Employer discriminated and retaliated against Plaintiff based upon Plaintiff's opposing violations of statutes and regulations and Plaintiff's association with others opposing violations of statutes and regulations, including but not limited to Gov't Code Part 2.8 [FEHA, Gov't Code 12900 et. seq.] and the Labor Code, and also retaliated against Plaintiff's opposition to sexual harassment and disability discrimination. Employer's discriminatory adverse employment actions against Plaintiff included excessive and unfair criticism, removal of responsibilities, less desirable schedule and pay, reduced opportunity for advancement, assignment to menial and difficult tasks, failure and refusal to stop the harassment, denial of training and otherwise discriminating against Plaintiff in the terms and conditions and existence of Plaintiff's employment, and finally on or about terminating, and thereafter refusing to reinstate, Plaintiff's employment.

DATE FILED  Oct 14, 2013
MODIFIED    Oct 14, 2013

REVISED JULY 2013
PAGE 2/3



STATE OF CALIFORNIA | Department of Fair Employment and Housing                                                                                       EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
175630-73915

**SIGNED UNDER PENALTY OF PERJURY**

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Verified by David A. Perkiss, Lyon Law PC, Attorney for Complainant, and dated on Oct 14, 2013 at Long Beach, CA



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I Videophone 916-226-5285 I TTY 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Oct 14, 2013

Airies Davis
400 Oceangate Ste 450
Long Beach, CA 90802

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 175630-73915
Right to Sue: Davis / Hispanic Scholarship Fund,

Dear Airies Davis:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Oct 14, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc: Hispanic Scholarship Fund Fidel Vargas
    Fidel Vargas

EXHIBIT 2

# Retaliation Complaint

*PLEASE PRINT OR TYPE ALL INFORMATION*
*Refer to the accompanying Guide to assist you in filling out this form.*

| FOR OFFICE USE ONLY | | |
|---|---|---|
| Taken by: | Office: | Employee Name: |
| Date filed: | Violation: | Case #: |
| Wage Complaint? ☐ YES ☐ NO | Action: | SIC #: |

## PRELIMINARY QUESTIONS

| **The following questions are asked in relation to your current complaint ** |
|---|

1. Have you made a health and safety complaint to your employer or supervisor?

☐ YES, on: _____ / _____ / _____     To whom: _____ , Title: _____     ■ NO

2. Have you made a health and safety related retaliation complaint against your employer with a government agency?

☐ YES, on: _____ / _____ / _____     With whom: _____     ■ NO

[If you have a health & safety related retaliation complaint, you may also make a complaint with Federal OSHA within 30 days of the alleged event.]

3. Did you speak with a Labor Commissioner Investigator during an inspection at your worksite?

☐ YES, on: _____ / _____ / _____     With whom: _____     ■ NO

4. Have you made a wage claim against your employer with the Labor Commissioner? If so, where? _____

☐ YES, on: _____ / _____ / _____     ■ NO  [If you have unpaid wages, you may file a wage claim
    Month    Day    Year                          by filling out another form, "DLSE FORM 1."]

5. Are other employees also filing retaliation claims against your employer?   ☐YES   ☐NO   ■ I DON'T KNOW

## Part 1: LANGUAGE ASSISTANCE & REPRESENTATION

| 6a. Do you need an interpreter? ☐YES ■NO | 6b. If you checked "YES" to Box 6a, enter the language needed: |
|---|---|

| 7a. If you are being helped with your claim by a lawyer or other advocate, enter your ADVOCATE'S NAME and ORGANIZATION:<br>David Perkiss and Geoffrey Lyon; Lyon Law PC | 7b. ADVOCATE'S PHONE<br>( 562 ) 5906900.00 |
|---|---|

| 7c. Your ADVOCATE'S MAILING ADDRESS<br>(Number, Street, Floor, Suite)<br>400 Oceangate Ste. 450 | CITY<br>Long Beach | STATE<br>CA | ZIP CODE<br>90802.00 | d. Your ADVOCATE'S EMAIL<br>lyonlaw4@verizon.net |
|---|---|---|---|---|

## Part 2: YOUR INFORMATION

| 8. Your FIRST NAME<br>Airies | 9. Your LAST NAME<br>Davis | 10. HOME PHONE<br>( ) | 11. OTHER PHONE<br>( ) | 12. BIRTH DATE<br>10/28/1971 |
|---|---|---|---|---|

| 13. Your MAILING ADDRESS (Street Number, Street Name, Apartment Number)<br>May be contacted through counsel. (see pt. 1) | CITY | STATE | ZIP CODE |
|---|---|---|---|

14. EMAIL
airiesdavis@yahoo.com

## Part 3: EMPLOYER INFORMATION

| 15. EMPLOYER / BUSINESS NAME(S)<br>Hispanic Scholarship Fund | 16. EMPLOYER'S VEHICLE LICENSE PLATE # | 17. EMPLOYER PHONE<br>( 310 ) 975-3700 |
|---|---|---|

| 18. ADDRESS of EMPLOYER / BUSINESS (Street Number, Street Name, Floor, Suite):<br>1411 West 190th Street Ste. 325 | CITY<br>Gardena | STATE<br>CA | ZIP CODE<br>90248 |
|---|---|---|---|

| 19. ADDRESS where you worked, if different from Box 18 (Number, Street, Floor, Suite): | CITY | STATE | ZIP CODE |
|---|---|---|---|

| 20. NAME OF PERSON IN CHARGE (First Name, Last Name)<br>Fidel Vargas | 21. JOB TITLE / POSITION of PERSON IN CHARGE<br>President/CEO |
|---|---|

| 22. TYPE OF BUSINESS<br>Non-Profit | 23. TYPE OF WORK PERFORMED<br>Scholarship Programs | 24. TOTAL NUMBER OF EMPLOYEES<br>36 | 25. EMPLOYER STILL IN BUSINESS?<br>■YES ☐NO ☐DON'T KNOW |
|---|---|---|---|

26. Check which box describes your employer, if you know: ■CORPORATION   ☐INDIVIDUAL /DBA   ☐ PARTNERSHIP   ☐ LLC   ☐ LLP

PRINT YOUR NAME: ___Airies Davis_____

| FOR OFFICE USE ONLY |
| --- |
| Case #: |

## Part 4: EMPLOYMENT STATUS

**27.   DATE OF HIRE**
09 / 09 / 2013
Month   Day   Year

**28.**   Check which box applies to you:

☐ Still working for employer   ☐ QUIT on ___/___/___   ■ DISCHARGED on 09 /13 /2013
  Month  Day  Year                                        Month  Day  Year

☐ Suspended on ___/___/___   ☐ Other (specify): _____
  Month  Day  Year

**29.** If you no longer work for the employer, what was your final rate of pay?

$ 80,000 / year
(for example, $10/hour)

**30.**   Last job title with Employer

Job Title:   Senior VP of Human Resources

## Part 5: YOUR COMPLAINT

INSTRUCTIONS: Please see the Instructions Sheet to help you answer the following questions.  Give a written statement to each question.  An incomplete form will result in delays.  While it is important to know the names of management involved, do not include the names of the any of your witnesses on this page.

**31.** What changes have occurred at work that caused you to make this complaint?

■ Termination   ☐ Suspension   ☐ Demotion   ☐ Change in hours   ☐ Change in pay   ☐ Other : _____
☐ Disciplinary action/written warning   ☐ Threat   ☐ Transfer   ☐ Forced to resign/quit

Date of change in employment: 09 /13 / 13

Name(s) of person(s) carrying out change: Fidel Vargas _____ Title: President/CEO
                                          Jesus Almodovar _____ Title: Chief Financial Officer

Please describe what happened.

I arranged a meeting with CEO Vargas and CFO Almodovar to discuss workplace issues that I uncovered while

performing my duties as Senior VP of Human Resources. These issues included discrepancies in employee salaries

and employee misclassification. CEO Vergas responded by verbally accosting me and saying, "How dare you raise

concerns about how we pay our employees." The following day, I was terminated by CFO Almodovar.

**32a.** What reason would the employer give for the changes that you experienced that are described in question 31 above?  What right did you exercise or action did you take that happened before the change in your employment described in question 31?

There was no formally stated reason for my termination. CEO Vargas was not present at my termination. I was told

by CFO Almodovar, "Fidel [Vargas] does not feel comfortable with you being within the organization... it seems you

have more experience than what we need." In my opposition to and refusal to participate in conduct violating

statute(s) or regulation(s), I was exercising my rights under Labor Code §§ 1102.5 and 1102.6.

**32b.** Describe how your employer knew about the activity or actions (e.g., exercising your rights) in question 32a.?

I exercised my rights under Labor Code §§ 1102.5 and 1102.6 by directly reporting conduct violating statute(s) or

regulation(s) to the heads of the company, who were also my immediate employers.

PRINT YOUR NAME: Airies Davis

| FOR OFFICE USE ONLY |
| Case #: |

## *THIS PAGE IS CONFIDENTIAL*
## Part 6: WITNESSES

**All witnesses are confidential, and the Labor Commissioner will not reveal their identities unless it becomes necessary to proceed with the investigation or to enforce the Labor Commissioner's determination.**

33. Please list any witnesses to the events described in questions 31, 32a. and 32b.

Name: Gabriela De La Cruz    Title: Program Coordinator

Address: 1411 West 190th Street Ste. 325, Gardena, CA 90248

Phone Number: 310-579-9217    Email Address: gdelacruz@hsf.net

Describe what they saw or heard in connection to your complaint: Employee who brought to my attention concerns about employee misclassification.

Name: Jinny Quinones    Title: Chief Development Office

Address: 1411 West 190th Street Ste. 325, Gardena, CA 90248

Phone Number: 310-466-0898    Email Address: jquinones@hsf.net

Describe what they saw or heard in connection to your complaint: Nearby meeting in which I addressed issues to CEO Vergas and CFO Almodovar and CEO Vergas verbally accosted me.

Name: Marcela Bailey    Title: Chief Technology Officer

Address: 1411 West 190th Street Ste. 325, Gardena, CA 90248

Phone Number: 310-975-3700    Email Address: _____

Describe what they saw or heard in connection to your complaint: Present at my termination.

## Part 7: REMEDIES

Briefly describe what kind of remedy you are seeking. What do you hope happens as a result of filing this complaint?
Past and future lost wages and benefits to be determined but estimated to be no less than $100,000. Emotional distress damages to be determined but estimated to be no less than $200,000.

### NEW EMPLOYMENT

Have you started a new job? ☐Yes  ☒No    Date you started new job: ____/____/____ (DD/MM/YY)

Name of New Employer: _____    Rate of pay: $ _____/_____ (for example, $10/hour)

*I hereby certify that the information I have provided is true to the best of my knowledge and/or recollection.*

Signed: _Airies R Davis_    Date: 10/16/2013

Print Name: Airies Davis

## AUTHORIZATIONS TO RELEASE INFORMATION

**PERSONNEL FILE RELEASE:**

I, ____Airies Davis____, hereby authorize____Hispanic Scholarship Fund____
      (Full name)                                (Employer name)

to release my Personnel records to the Division of Labor Standards Enforcement.  I specifically authorize the release of all records in my personnel file.

This authorization is valid for a period of one year from the date of my signature.

_____[signature]_____
Signature of Employee

10/16/13
_____
Date of Signature

**Cal-OSHA RELEASE**:  If you have a health and safety related complaint, please fill out the following release.

I authorize a DLSE investigator to inspect the original file contents and to be provided with a **complete** copy of the file, including the complaint that I filed with Cal-OSHA against the employer named above.  By my signature I authorize a Cal-OSHA representative to discuss my complaint and the file detailing the correspondence and investigation into my complaint with the Division of Labor Standards Enforcement.

_____[signature]_____                      10/16/13
Signature                                      Date

Airies Davis
_____
Print Name

Exhibit C

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

SARAH E. HERNANDEZ [SBN 206305]
FINK & STEINBERG
11500 OLYMPIC BOULEVARD, SUITE 316

LOS ANGELES, CALIFORNIA 90064

TELEPHONE NO.: 310-268-0780   FAX NO. *(Optional):* 310-268-0790
E-MAIL ADDRESS *(Optional):* SHERNANDEZ@FINKSTEINBERG.COM
ATTORNEY FOR *(Name):* DEFENDANTS HISPANIC SCHOLARSHIP FUND, ET AL.

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**MAY 01 2014**

Sherri R. Carter, Executive Officer/Clerk

By Cynthia Randle, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: AIRIES DAVIS

DEFENDANT/RESPONDENT: HISPANIC SCHOLARSHIP FUND; FIDEL VARGAS

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|

**REQUEST FOR DISMISSAL**
- [ ] Personal Injury, Property Damage, or Wrongful Death
  - [ ] Motor Vehicle   [ ] Other
- [ ] Family Law   [ ] Eminent Domain
- [X] Other *(specify):* WRONGFUL TERMINATION

CASE NUMBER: BC525005

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
 a. (1) [X] With prejudice  (2) [ ] Without prejudice
 b. (1) [ ] Complaint  (2) [ ] Petition
  (3) [ ] Cross-complaint filed by *(name):*   on *(date):*
  (4) [ ] Cross-complaint filed by *(name):*   on *(date):*
  (5) [ ] Entire action of all parties and all causes of action
  (6) [X] Other *(specify):* DISMISSAL OF COMPLAINT AGAINST INDIVDUAL DEFENDANT FIDEL VARGAS FOR FAILURE TO AMEND COMPLAINT PURSUANT TO C.C.P. SEC. 581(F)(2).
2. *(Complete in all cases except family law cases.)*
 [ ] Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).*

Date: MAY 1, 2014

SARAH E. HERNANDEZ [SBN 206305]
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                                                    ▶ _____
                                                                                                   (SIGNATURE)
*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for HISPANIC SCHOLARSHIP FUND AND FIDEL VARGAS
 [ ] Plaintiff/Petitioner   [X] Defendant/Respondent
 [ ] Cross - complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
 Date:

                                                                                        ▶ _____
                                                                                                   (SIGNATURE)
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
                                                     Attorney or party without attorney for:
** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).
 [ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
 [ ] Cross - Complainant

*(To be completed by clerk)*
4. [ ] Dismissal entered as requested on *(date):*
5. [X] Dismissal entered on *(date):* MAY 01 2014  as to only *(name):* Same as above.
6. [ ] Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. [ ] Attorney or party without attorney notified on *(date):*
 b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
  [ ] a copy to be conformed  [ ] means to return conformed copy

SHERRI R. CARTER

C. Randle

Date: MAY 01 2014                                        Clerk, by _____, Deputy

| Form Adopted for Mandatory use<br>Judicial Council of California<br>CIV-110 [Rev. July 1, 2009] | **REQUEST FOR DISMISSAL** | Legal<br>Solutions<br>℠ Plus | Page 1 of 2<br>Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390 |

CIV-110

| PLAINTIFF/PETITIONER: AIRIES DAVIS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: HISPANIC SCHOLARSHIP FUND; FIDEL VARGAS | BC525005 |

### Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):*

2. The person in item 1 *(check one):*
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

_____
(SIGNATURE)

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 11500 W. Olympic Boulevard, Suite 316, Los Angeles, California, 90064.

On May 1, 2014, I served the document described as **REQUEST FOR DISMISSAL** on all interested parties in this action as follows:

[X]     by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

Geoffrey C. Lyon
David A. Perkiss
LYON LAW PC
400 Oceangate, Suite 450
Long Beach, CA 90802

[X]     BY MAIL

      [X]     As follows:  I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]     BY FACSIMILE

Using fax number (310) 268-0790 I transmitted such document by facsimile machine, pursuant to California Rules of Court 2001 et seq.  The facsimile machine complied with Rule 2003(3).  The transmission was reported as complete.  I caused the machine to print a transmission report of the transmission, a copy of which is attached to the declaration.  I am employed in the County of Los Angeles, State of California.

[X]     (STATE)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]     (FEDERAL)   I declare that I am employed in the office of a member of the bar of the court at whose direction the service was made.

Dated: May 1, 2014

_____
Heather Silldorff

1

PROOF OF SERVICE

Exhibit D

1 | Keith A. Fink, Bar No. 146841
  | Sarah E. Hernandez, Bar No. 206305
2 | FINK & STEINBERG
  | Attorneys at Law
3 | 11500 Olympic Boulevard, Suite 316
  | Los Angeles, California 90064
4 | Telephone: (310) 268-0780
  | Facsimile: (310) 268-0790
5 |
  | Attorneys for Defendants
6 | HISPANIC SCHOLARSHIP FUND and
  | FIDEL VARGAS
7 |

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 27 2014

Sherri R. Carter, Executive Officer/Clerk
By Anthony Wilburn, Deputy

8 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 **COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

| 10 | AIRIES DAVIS, | ) | CASE NO. BC525005 |
|----|---------------|---|-------------------|
| 11 | Plaintiff, | ) | [Assigned for All Purposes to the Honorable Suzanne Bruguera, Dept. 71] |
| 12 | vs. | ) | **REQUEST FOR ENTRY OF JUDGMENT AND [~~PROPOSED~~] JUDGMENT** |
| 13 | | ) | |
| 14 | | ) | |
| 15 | HISPANIC SCHOLARSHIP FUND; FIDEL VARGAS; and DOES 1 to 10, | ) | |
| 16 | Defendants. | ) | |

21 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22     Defendant FIDEL VARGAS was dismissed from the action on May 1, 2014 due to Plaintiff

23 AIRIES DAVIS' failure to amend the Complaint after an order sustaining demurrer pursuant to Code

24 of Civil Procedure §581 (F)(2).

25     Defendant FIDEL VARGAS hereby requests that JUDGMENT be entered in his favor against

26 Plaintiff AIRIES DAVIS.  Defendant FIDEL VARGAS hereby also requests the award of costs against

27 Plaintiff AIRIES DAVIS in the amount of $2,938.63.

28     The Court hereby enters JUDGMENT in favor of Defendant FIDEL VARGAS against Plaintiff

REQUEST FOR ENTRY OF JUDGMENT AND [PROPOSED] JUDGMENT

1  AIRIES DAVIS, and grants the award of costs against Plaintiff AIRIES DAVIS in favor of Defendant

2  FIDEL VARGAS in the amount of $2,938.63.

3  NOW, THEREFORE, IT IS ADJUDGED, ORDERED, AND DECREED THAT DEFENDANT

4  FIDEL VARGAS SHALL RECOVER FROM PLAINTIFF AIRIES DAVIS COSTS  IN THE

5  AMOUNT OF $2,938.63.

6

7  IT IS SO ORDERED.

8

9

10  DATED: _5-27-2015_                                         SUZANNE G. BRUGUERA

11                                                             HONORABLE SUZANNE BRUGUERA

12                                                             JUDGE OF THE SUPERIOR COURT

13

14

15

16

17

18  Respectfully submitted by:

19  Keith A. Fink, Bar No. 146841
    Sarah E. Hernandez, Bar No. 206305
20  FINK & STEINBERG
    Attorneys at Law
21  11500 Olympic Boulevard, Suite 316
    Los Angeles, California 90064
22  Telephone: (310) 268-0780
    Facsimile: (310) 268-0790
23
    Attorneys for Defendants
24  HISPANIC SCHOLARSHIP FUND and
    FIDEL VARGAS
25

26

27

28

REQUEST FOR ENTRY OF JUDGMENT AND [PROPOSED] JUDGMENT

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 11500 W. Olympic Boulevard, Suite 316, Los Angeles, California, 90064.

On May 27, 2014, I served the document described as **REQUEST FOR ENTRY OF JUDGMENT AND [PROPOSED] JUDGMENT** on all interested parties in this action as follows:

[X]     by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

Geoffrey C. Lyon
LYON LAW PC
400 Oceangate, Suite 450
Long Beach, CA 90802

[X]     BY MAIL

[X]     As follows:  I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]     BY FACSIMILE

Using fax number (310) 268-0790 I transmitted such document by facsimile machine, pursuant to California Rules of Court 2001 et seq.  The facsimile machine complied with Rule 2003(3).  The transmission was reported as complete.  I caused the machine to print a transmission report of the transmission, a copy of which is attached to the declaration.  I am employed in the County of Los Angeles, State of California.

[X]     (STATE)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]     (FEDERAL)   I declare that I am employed in the office of a member of the bar of the court at whose direction the service was made.

Dated: May 27, 2014

Heather Silldorff